UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| H-D U.S.A., LLC,<br>HARLEY-DAVIDSON MOTOR COMPANY<br>GROUP, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>HARLEY LIFE, LLC,<br>BILL LEMON,<br><br>    Defendants. | No. 2:19-cv-00578-JPH-DLP |

**ORDER GRANTING MOTION FOR STIPULATED FINAL JUDGMENT**

Plaintiff H-D U.S.A., LLC ("Plaintiff" or "Harley-Davidson") and Harley Life, LLC and Bill Lemon ("Defendants") have resolved this matter. The parties stipulate to the entry of Final Judgment and a Permanent Injunction and Other Relief. Accordingly, the Court makes the following findings of fact and conclusions of law:

  1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), and Defendants acknowledge and accept service of the Complaint in this action. Because the parties are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, this Court also has jurisdiction under 28 U.S.C. § 1332. This Court has personal jurisdiction over Defendants, and venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. §§ 1391(b) and (c).

1

2. Harley-Davidson owns all trademark rights, title, and interest in and to the Willie G. Skull Logo and variations thereof including, but not limited to, the logos shown below (collectively, the "Willie G. Skull Logo") and the HARLEY word mark (collectively with the Willie G. Skull Logo, the "HARLEY Marks") for motorcycles, motorcycle products and services, and a wide variety of products and services, including, but not limited to, apparel, headwear, and footwear.



3. Harley-Davidson is the owner of all copyright rights in the Willie G. Skull Logo, all preexisting works containing the Willie G. Skull Logo, and all derivative works of the Willie G. Skull Logo.

4. Harley-Davidson is a world-famous manufacturer of motorcycles and a wide variety of other products and services, including apparel. Founded in 1903, Harley-Davidson has manufactured, promoted, and sold motorcycles and related products for over 110 years.

5. Since at least as early as 1980, Harley-Davidson has used the HARLEY mark in connection with motorcycles, motorcycle parts and accessories, motorcycle clothing, and various other products and services. Harley-Davidson has used the HARLEY mark for decades for apparel, hats,

decals, and other merchandise. The mark HARLEY has for many years been used interchangeably by the public as shorthand for HARLEY-DAVIDSON.

6. Since at least 2000, Harley-Davidson has used its Willie G. Skull Logo in connection with a wide variety of goods including apparel, motorcycles, motorcycle parts, and motorcycle accessories. Harley-Davidson has also extensively used the Willie G. Skull Logo in connection with a wide variety of other goods, including hats and decals.

7. The HARLEY Marks are premium brands, and Harley-Davidson has a reputation for providing a wide variety of high-quality products and merchandise under those brands itself and through numerous licensees. Consistent with its image as a premium brand, Harley-Davidson positions its licensed merchandise as high-quality merchandise at a premium price point and sets strict standards and guidelines to which all authorized licensed products branded with the HARLEY Marks must adhere. Harley-Davidson's licensed products and/or associated labeling and packaging bear one or more of the HARLEY Marks. And no merchandise bearing any of the HARLEY Marks can be marketed or sold without the prior written approval of Harley-Davidson.

8. Harley-Davidson markets and sells motorcycles and motorcycle parts and accessories, offers the repair and servicing of motorcycles under the HARLEY Marks through a network of more than 690 authorized dealers located throughout the country, and markets and sells apparel and other consumer merchandise bearing the HARLEY Marks at its authorized dealers. Apparel and a wide variety of consumer merchandise bearing the HARLEY Marks are

3

also marketed and sold at numerous other authorized retail outlets throughout the country.

9. Authorized Harley-Davidson dealers and retail outlets identify themselves as official dealers and retailers in a number of ways, including by using the HARLEY and/or the HARLEY-DAVIDSON mark in their names and on signage of their dealerships and stores. These names and markings signal to consumers that Harley-Davidson has authorized the sale of products bearing the HARLEY Marks and/or the servicing of Harley-Davidson motorcycles at these locations.

10. Harley-Davidson also offers riding club experiences, training, rallies, and events, including the HARLEY OWNERS GROUP club. Currently, there are more than 1,400 official HARLEY OWNERS GROUP chapters around the world, with each chapter sponsored by an authorized Harley-Davidson dealership.

11. Apparel is a significant part of Harley-Davidson's business and has been so for many years. For many years, Harley-Davidson has offered and sold, itself and through its dealers and licensees, riding gear and apparel bearing the HARLEY Marks, including t-shirts, shirts, tank tops, sweatshirts, sweaters, pants, vests, jackets, and hats. During this same time, Harley-Davidson has offered and sold through its licensees a wide range of merchandise bearing the HARLEY Marks. Representative examples of such apparel are shown in the Complaint. *See* dkt. 1 ¶¶ 23–24.

12. Harley-Davidson and its dealers and licensees have sold many billions of dollars of products and services under the HARLEY Marks over the years, and have expended many millions of dollars advertising and promoting those marks through virtually every media. For example, Harley-Davidson has promoted its HARLEY Marks and products bearing those marks through dealer promotions, customer events, direct mailings, national television, print and radio advertisements, and the Internet. Harley-Davidson's national network of dealers has also extensively promoted and advertised the HARLEY Marks and products bearing those marks.

13. Harley-Davidson owns numerous federal trademark registrations and applications for the HARLEY Marks, including those set forth in the Complaint. *See* dkt. 1 ¶¶ 35–36.

14. Harley-Davidson owns U.S. Copyright Reg. No. VA 1-987-746 for the Willie G. Skull Logo.

15. As a result of Harley-Davidson's longstanding and extensive use of the HARLEY Marks and the widespread advertising, publicity, promotion, and substantial sales of products and services under those marks, the HARLEY Marks have been well known and famous to the motorcycling public for many years and the HARLEY mark has been famous to both the general public and the motorcycling public for decades.

16. In *H-D U.S.A., LLC v. SunFrog, LLC.* No. 17-CV-711-JPS, 311 F.Supp.3d 1000, 1043 (E.D. Wis. Apr. 12, 2018), the District Court for the Eastern District of Wisconsin stated that it is "beyond question that [the

HARLEY mark] is famous" and that "no member of the American public could encounter . . . HARLEY . . . without first thinking of the iconic motorcycle company."

17. Defendants are engaged in the business of repairing and servicing motorcycles, including Harley-Davidson motorcycles, and organizing and/or providing a motorcycle riding club ("Defendants' Services").

18. Defendants conduct their business and offer, render, and/or promote Defendants' Services from a physical location and/or from Defendants' social media pages, including on Harley Life, LLCs' Facebook page located at https://www.facebook.com/harleylifellc and on Bill Lemon's personal Facebook page located at https://www.facebook.com/billlemonharleylifellc (collectively, "Defendants' Facebook Pages").

19. Defendants use the trademark and trade name HARLEY LIFE, which fully incorporates the HARLEY word mark, to advertise, promote, offer, and render Defendants' Services. Defendants also use the trademark and trade name HARLEY LIFE in the logo form shown below (the "Infringing Logo"). The Infringing Logo incorporates a virtually identical copy of the trademark- and copyright-protected Willie G. Skull Logo.



20. Defendants prominently use the Infringing Logo on business cards advertising their repair services, and on social media to advertise, promote, and render Defendants' Services.

21. Defendants also registered the HARLEY LIFE, LLC business name with the Indiana Secretary of State, and Defendants voluntarily dissolved the HARLEY LIFE, LLC business on December 17, 2019.

22. Defendants also manufacture, offer, promote, and/or distribute products, including apparel, hats, and decals, bearing the Infringing Logo (collectively, the "Infringing Products"). Representative examples of these Infringing Products as advertised on Defendants' Facebook Pages are shown in the Complaint. *See* dkt. 1 ¶ 47.

23. The Infringing Products are not subject to the same quality standards, review, and approval process as Harley-Davidson's own authorized genuine products and those of H-D's authorized licensees bearing the HARLEY Marks, including without limitation Harley-Davidson's quality-control measures and standards for products bearing the HARLEY Marks.

24. Defendants' unauthorized uses of the HARLEY Marks detailed above, individually and collectively, falsely suggest and are likely to create the mistaken impression that Defendants are authorized Harley-Davidson licensees, dealers, or retailers and/or that Defendants' Services and Infringing Products are authorized by, endorsed by, approved by, or otherwise affiliated with Harley-Davidson when they are not.

25. Defendants' actions as described above (and as described in more detail in the Complaint, *see* dkt. 1) are likely to cause confusion, mistake, and deception as to the source or origin of Defendants' Infringing Products, and thus constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26. Defendants' actions as described above (and as described in more detail in the Complaint, *see* dkt. 1) are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' Services, Defendants' Infringing Products, and Defendants' commercial activities, and thus constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27. Defendants' actions as described above (and as described in more detail in the Complaint, *see* dkt. 1) constitute trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

28. The HARLEY word mark is famous, as the term "famous" is used in 15 U.S.C. § 1125(c), and was famous prior to Defendants' use of the mark on the Infringing Products, and Defendants' use of the HARLEY word mark on the Infringing Products and in connection with Defendants' Services as described above (and as described in more detail in the Complaint, *see* dkt. 1) is likely to dilute the distinctive quality of the HARLEY word mark and is likely to tarnish the famous HARLEY word mark in violation of 15 U.S.C. § 1125(c).

29. Defendants' actions as described above (and as described in more detail in the Complaint, *see* dkt. 1) constitute copyright infringement of the Willie G. Skull Logo in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

30. Defendants' actions as described above (and as described in more detail in the Complaint, *see* dkt. 1) constitute common law trademark infringement, unfair competition, and misappropriation of Harley-Davidson's goodwill in the HARLEY Marks.

31. Defendants' activities described above (and as described in more detail in the Complaint, *see* dkt. 1) have irreparably injured Harley-Davidson, the HARLEY Marks, and the public.

32. Based on the foregoing findings of fact and conclusions of law, good cause exists for entry of the Stipulated Final Judgment and Permanent Injunction and Other Relief.

Therefore, the Court **ORDERS** as follows:

A. Defendants and their related companies, officers, directors, employees, and Agents, and all persons in active concert or participation with any of them who receive actual notice of this judgment by personal service or otherwise, are **PERMANENTLY AND IMMEDIATELY ENJOINED** from directly or indirectly:

(1) Using, displaying, and/or registering the marks HARLEY, HARLEY-DAVIDSON,  , or any variations

thereof, alone or in connection with any other wording or designs, and from using any marks, names, logos, designs, designations, identities, or indicators that are confusingly similar to any of Harley-Davidson's trademarks, or likely to dilute the distinctiveness of or tarnish any of Harley-Davidson's trademarks, in any unauthorized manner including, but not limited to, use on or in connection with any products or services in any online or offline context, including without limitation Defendants' Services, the Infringing Products, Defendants' Facebook Pages, any other websites or online platforms including social media and apps, promotional and advertising materials, store names, signage, and product packaging and labeling; and as or as part of any trademarks, trade names, business names, corporate names, domain names, email addresses, URLs, metatags, screen names, social media names, keywords, or any other identifiers;

(2) using Harley-Davidson's copyrighted Willie G. Skull Logo or substantially similar works in any form or medium;

(3) representing by any means whatsoever, directly or indirectly, that Defendants or any products or services offered by Defendants, including without limitation Defendants' Services, the Infringing Products, or any activities undertaken by Defendants, emanate from Harley-Davidson, are authorized, licensed, endorsed, or sponsored by Harley-Davidson, or are otherwise affiliated with Harley-Davidson; and

(4) assisting, aiding, or abetting any other person or business entity in

engaging in or performing any of the activities referred to in subparagraphs A(1) to A(3) above.

B.     Defendants are **ORDERED** to destroy all products and items in their possession or under their control that bear the HARLEY Marks, including without limitation any Infringing Products and all items bearing Defendants' Infringing Logo, to confirm such destruction in writing to Harley-Davidson, and to provide to Harley-Davidson the identity of all persons and entities that made, produced, advertised, or sold the Infringing Products and/or created Defendants' Infringing Logo including, but not limited to, sellers, manufacturers, printers, shipping vendors, wholesalers, distributors, retailers, and all others that assisted or enabled Defendants to make, advertise, promote, sell, distribute, and transport the Infringing Products, including, but not limited to, names, postal addresses, email addresses, website addresses, and phone numbers.

C.     This Court will retain jurisdiction over any disputes between the parties, their heirs, successors, and assigns with respect to enforcement of this Final Judgment and Permanent Injunction and Other Relief and the settlement agreement entered into between Harley-Davidson and Defendants regarding this litigation.

Final judgment shall enter accordingly.

**SO ORDERED.**

Date: 4/8/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Aaron D. Doll
DOLL & SIEVERS ATTORNEYS AT LAW LLC
aaron@dollsievers.com

Maurice E. Doll
MORRIE DOLL & ASSOCIATES LLC
morriedoll@hotmail.com

David J. Hensel
HOOVER HULL TURNER LLP
dhensel@hooverhullturner.com